**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER DIPIETRO, | : | |
| | : | Civil Action No. 14-3244(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SALEM COUNTY PROSECUTORS OFFICE, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES**

Peter DiPietro
495 South Bluebell Road
Vineland, NJ  08360
     Petitioner pro se

**HILLMAN,** District Judge

     Petitioner Peter DiPietro has submitted a Petition for writ of habeas corpus challenging his arrest pursuant to a warrant issued for his alleged violation of a restraining order. Although Petitioner does not set forth the statutory provision under which he seeks to proceed, the Court construes the Petition as one asserted pursuant to the general habeas corpus statute, 28 U.S.C. § 2241, as Petitioner does not appear to be

challenging custody pursuant to any state or federal judgment.[1] Because it appears from a review of the Petition that this Court lacks jurisdiction in habeas to consider Petitioner's claims, the Petition will be dismissed without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

According to the Petition and attachments, Petitioner is subject to a restraining order prohibiting contact with his ex-wife Joanna Vassallo.  He contends that his wife complained to police that he had violated the terms of the restraining order, and an arrest warrant was issued.  He further states that he was pulled over for a broken tail light on April 12, 2014, after which he was arrested on three outstanding warrants: the warrant for violation of the restraining order, a second warrant for failure to pay child support, and a third warrant for non-appearance.  He was released after 68 hours, on April 15, 2014.  This Petition was filed more than a month later, on May 21,

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless -- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

2014.  Petitioner names as Respondents the Salem County Prosecutors Office, the Salem County Superior Court, and the Attorney General of the State of New Jersey.

Petitioner contends that there was no probable cause for issuance of the warrant based on violation of the restraining order or for his subsequent arrest.  He makes further allegations challenging the discovery that has been produced to him in that proceeding and complaining of the quality of representation he has received from his attorney.  He seeks leave to file a civil complaint asserting claims allegedly arising out of these events.  See DiPietro v. Morisky, Civil No. 12-2338 (D.N.J.) (Docket Entry No. 28, Preclusion Order).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

3

Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013).  See also 28 U.S.C. §§ 2243, 2255.

### III.   ANALYSIS

A.   Jurisdiction

To invoke habeas corpus review by a federal court, a prisoner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

As Petitioner alleges that he was released from custody a month before he filed this Petition, he is not "in custody" for purposes of § 2241.  Accordingly, this habeas Petition will be dismissed without prejudice for lack of jurisdiction.

B.   The Request for Leave to File a Civil Action

Pursuant to the terms of the Preclusion Order entered in Civil Action No. 12-2338, Petitioner is "enjoined from filing any claims in this District relating to his 2000 New Jersey

4

state court divorce and child custody case without prior permission of the Court." Civil Action No. 12-2338 (Docket Entry No. 28, Preclusion Order). It appears to the Court that the claims Petitioner seeks to assert may fall within the terms of the Preclusion Order.

However, in order to determine whether Petitioner should be granted permission to file a new action alleging purported civil rights violations, the Court must be presented with a draft of the proposed complaint Petitioner seeks to file. Therefore, Petitioner must submit a proposed complaint for the Court's review and consideration which sets forth, in separately numbered counts, the alleged claims he seeks to bring and against whom he seeks to bring those claims. Petitioner's proposed complaint must also sufficiently allege facts that show Petitioner has a plausible claim for relief and must otherwise comply with the Federal Rules of Civil Procedure[2] as well as the Local Civil Rules in this District. Moreover, as such civil

---

[2] In particular, Petitioner should be guided by the following pertinent language from Federal Rule of Civil Procedure 8(a) which provides in pertinent part that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). In addition, Petitioner should be guided by Federal Rules 18 and 20, regarding joinder of claims and parties.

5

rights claims do not lie within this Court's habeas jurisdiction, Petitioner should submit the proposed complaint as a new and separate action.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  Leave to file a civil complaint is denied without prejudice.  An appropriate order follows.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated:  August 29, 2014